IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VERLIN J. ALEXANDER**  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>**RAPHAEL WILLIAMS**, Warden  )<br>and **JOSEPH R. BIDEN III**, Attorney  )<br>General for the State of Delaware  )<br>)<br>Respondents.  ) | Civ.Act.No. 07-01-JFF |

## SUPPLEMENTAL ANSWER

Pursuant to Rules 5 and 11 of the Rules Governing Section 2254 Actions, 28 U.S.C. § 2254, and Rule 15 of the Federal Rules of Civil Procedure, respondents supplement their response to the petition for a writ of habeas corpus:

1. The petitioner, Verlin Alexander, has applied for federal habeas relief, seeking pretrial dismissal of pending state court criminal charges. D.I. 1, at 5. Specifically, Alexander claimed that his rights under the Interstate Agreement on Detainers Act ("IAD") were violated.[1] The undersigned filed an answer to the petition on May 7, 2007. Respondents also filed certified state court records on October 11, 2007. D.I. 25.

2. In his petition, Alexander claimed that he was being illegally detained in violation of the IAD and prayed that all state criminal charges pending against him be dismissed. *See* D.I. 1, at 5 (". . . all charges must be dismissed and Petitioner discharged."). Superior Court records, filed with this Court on October 11, 2007, reveal

---

[1] *See* 11 Del. C. § 2540 *et seq.*

1

that since filing his petition, Alexander has pled guilty to one count of rape in the third degree.[2]  *See* D.I. 25.

      3.  Petitioner's plea, in respondents' view, resolves Alexander's petition for federal habeas relief.  The United States Supreme Court has explained that '[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  The doctrine announced in *Tollett*, "derived from rulings for alleged constitutional violations, applies also to statutory violations."  *United States v. Fulford*, 825 F.2d 3, 10 (3d Cir. 1987).  Accordingly, "entry of a guilty plea acts as a waiver of the provisions of the IADA."  *Id.* (*citing United States v. Palmer*, 574 F.2d 164 (3d Cir. 1987); *Beachem v. Attorney General of Missouri*, 808 F.2d 1303 (8th Cir. 1987); *Camp v. United States*, 587 F.2d 397 (8th Cir. 1978)).  Here, Alexander has admitted that he is in fact guilty of one count of third degree rape.  *See* Dkt. Item. 57 in Superior Court ID. No. 0511011555.  Alexander's guilty plea thus acted as a waiver of his IAD claim.  *See Fulford*, 825 F.2d at 10.  *See also Tollett*, 411 U.S. at 267.  Accordingly, his petition for federal habeas relief on this ground should be denied.

---

[2] *See* 11 Del. C. § 771.

<u>Conclusion</u>

For the foregoing reasons, the petition for writ of habeas corpus should be denied without further proceedings.

 /s/Kevin M. Carroll<br>
Deputy Attorney General<br>
Department of Justice<br>
820 N. French Street<br>
Wilmington, DE 19801<br>
(302) 577-8500<br>
Del. Bar. ID No. 4836<br>
Kevin.Carroll@state.de.us

DATE: November 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on November 8, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

    Verlin Alexander
    No. 098778
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

    /s/Kevin M. Carroll
    Deputy Attorney General
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801
    (302) 577-8500
    Del. Bar. ID No. 4836
    Kevin.Carroll@state.de.us

Date: November 8, 2007