IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERLIN J. ALEXANDER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 07-01-JJF |
| | : | |
| RAPHAEL WILLIAMS, Warden, and | : | |
| ATTORNEY GENERAL OF THE STATE | : | |
| OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

Verlin J. Alexander.   Pro se Petitioner.

Kevin M. Carroll, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.   Attorney for
Respondents.

**MEMORANDUM OPINION**

January ⌞7, 2008
Wilmington, Delaware

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Verlin J. Alexander ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court will dismiss the Petition.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2006, a Delaware Superior Court Grand Jury indicted Petitioner on three counts of first degree rape. (D.I. 25.) At the time of the Indictment, Petitioner was in the custody of Pennsylvania authorities on unrelated charges, and he was not transferred to the custody of Delaware authorities until October 27, 2006. (D.I. 10.)

Petitioner filed his Petition in January 2007, asserting one claim, namely, that the Delaware Indictment should be dismissed because the State of Delaware did not bring him to trial within the 180-day time limit contained in Articles III and V(c) of the Interstate Agreement on Detainers Act ("IAD"). (D.I. 1; D.I. 4.) Respondents filed an Answer in May 2007, arguing that habeas relief is not available because Petitioner's request constitutes an impermissible attempt to derail a pending state proceeding. (D.I. 10.)

Thereafter, on September 25, 2007, Petitioner pled no contest to one count of third degree rape in the Delaware Superior Court. (D.I. 25.) Respondents filed a Supplemental

1

Answer, arguing that the Court should now deny the Petition because Petitioner's plea agreement effected a waiver of his IAD claim. (D.I. 31.) Petitioner filed a letter in November 2007, asking the Court to conduct a jury trial regarding the claim asserted in his Petition, as well as on the issues raised in a § 1983 case brought by him and pending before the Court. (D.I. 32.)

## II. DISCUSSION

In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court held that a criminal defendant who "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, [] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." The Third Circuit has applied the principle announced in Tollett to statutory violations, and has specifically held that "entry of a guilty plea acts as a waiver of the provisions of the" IAD. United States v. Fulford, 825 F.2d 3, 10 (3d Cir. 1987).

Pursuant to Third Circuit precedent and Delaware law, a defendant's plea of no contest has the same legal consequences as a guilty plea.¹ See United States v. Adedoyin, 369 F.3d 337, 344

---

¹However, a plea of no contest is a "confession only for the purpose of the criminal prosecution, and does not bind the defendant in a civil suit for the same wrong." Berlin v. United States, 14 F.2d 497, 498 (3d Cir. 1926).

(3d Cir. 2004); see also V.F.W. Holding Co. v. Delaware

Alcoholic Beverage Control Comm., 252 A.2d 122, 123 n.1 (Del.

Super. Ct. 1969); Del. Super. Ct. Crim. R. 11. Therefore, the

Court concludes that Petitioner's plea of no contest to one count

of third degree rape acts as a waiver of his IAD claim.

Accordingly, the Court will deny the Petition.

## III. LETTER MOTION FOR AN EVIDENTIARY HEARING

On November 8, 2007, Petitioner filed a Letter Motion

requesting a jury trial in this Court so that he could prove the

State of Delaware violated the IAD. (D.I. 32.) The Court views

the Letter Motion as a Motion for an Evidentiary Hearing.

Nevertheless, having already determined that Petitioner is not

entitled to habeas relief, the Court will deny Petitioner's

Letter Motion for an Evidentiary Hearing as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254

petition, the court must also decide whether to issue a

certificate of appealability. See Third Circuit Local Appellate

Rule 22.2. A certificate of appealability is appropriate when a

petitioner makes a "substantial showing of the denial of a

constitutional right" by demonstrating "that reasonable jurists

would find the district court's assessment of the constitutional

claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v.

McDaniel, 529 U.S. 473, 484 (2000). Additionally, if a federal

3

court denies a habeas petition on procedural grounds without
reaching the underlying constitutional claims, the court is not
required to issue a certificate of appealability unless the
petitioner demonstrates that jurists of reason would find it
debatable: (1) whether the petition states a valid claim of the
denial of a constitutional right; and (2) whether the court was
correct in its procedural ruling. Id.

The Court has concluded that the Petition does not warrant
habeas relief. In the Court's view, reasonable jurists would not
find this conclusion to be debatable. Accordingly, the Court
declines to issue a certificate of appealability.

**IV. CONCLUSION**

For the reasons discussed, Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be
denied.

An appropriate Order will be entered.

4